J-S39016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRED LARRY, JR. | : | |
| | : | |
| Appellant | : | No. 211 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004443-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: MARCH 28, 2023**

Appellant, Fred Larry, Jr., appeals from the judgment of sentence of six to twelve years of incarceration, imposed following his convictions for sexual assault and simple assault.  Appellant raises two issues on appeal, both of which involve the sufficiency of the evidence to convict.  We affirm.

The trial court set forth a detailed summary of the evidence presented at Appellant's jury trial in its Pa.R.A.P. 1925(a) opinion, which we adopt herein.  *See* Trial Court Opinion (TCO), 4/14/22, at 2-6.  As a brief summary, Victim testified that during the early morning hours of August 17, 2019, she was walking downtown when she met "a black kid" who told her he had a "hard on."  *Id.* at 3.  The male asked her if he could "put it in her 'front door' and her 'back door'" but Victim told him no.  *Id.*  Appellant then grabbed her and said he would give her $60 for sex.  Victim again refused, at which time

the male pulled her pants down, slapped her, and put his penis inside her. Victim screamed for help.

Officer Kevin Walkowiak of the Wilkes University Police Department was on foot patrol with Sergeant Matthew Evans and heard a female voice coming from an area behind a trash compactor. He shined a flashlight and saw Appellant and Victim. Victim appeared to be afraid. Appellant told the officers, "Everything's okay. She's my wife. This is my wife." *Id.* at 5 (quoting trial transcript). The two officers separated the individuals and requested backup from the Wilkes-Barre Police Department. Officer James Verdekal responded and testified that he observed a visible scratch on Victim's neck, dried blood near her mouth, and grass clippings stuck to her chest. *Id.* at 6. Victim was transported to Wilkes-Barre General Hospital, where Nurse Nicole Ohanlon performed a sexual assault examination. While Victim refused an internal examination, Nurse Ohanlon observed abrasions on Victim's back, arms, inner thighs, and buttocks. *Id.* at 10.

Appellant proceeded to a jury trial on March 23, 2021. At the close of the Commonwealth's case-in-chief, Appellant moved for judgment of acquittal on all counts based on Victim's failure to identify Appellant. The trial court denied the motion, and the jury returned guilty verdicts at the counts of sexual assault and simple assault.[1] On September 17, 2021, the trial court imposed

---

[1] Appellant was also charged with one count of rape, 18 Pa.C.S. § 3121(a)(1), and two counts of involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S. §
*(Footnote Continued Next Page)*

the aforementioned sentence, and Appellant filed a timely post-sentence motion. The trial court denied the motion, and, following Appellant's timely notice of appeal, it ordered Appellant to file a concise statement in accordance with Pa.R.A.P. 1925(b). Appellant did so, and the trial court filed its opinion in response. Appellant raises two claims on appeal:

> I. Whether the Commonwealth submitted sufficient evidence of record to convict … Appellant of sexual assault and simple assault.
>
> II. Whether the trial court abused its discretion or committed an error of law in failing to grant defense counsel's Motion for Acquittal when the Commonwealth failed to have [V]ictim identify … Appellant at trial.

Appellant's Brief at 1.

Appellant's claims are related. He first contends that the Commonwealth failed to present sufficient evidence to support the convictions for sexual assault and simple assault because Victim only described the assailant as "a black kid" and she "vaguely described that this individual attempted to put his [penis] in her 'middle door' and 'back door.'" *Id.* at 6. Appellant argues that Victim did not identify being assaulted by anyone to any of the police officers or medical personnel that she encountered that evening. He describes the "only relevant statement" in the case as coming from Appellant via Victim's testimony, *i.e.*, the offer of $60 for sex. *Id.* Appellant

_____

3123(a)(1). The jury was unable to reach a unanimous verdict as to rape and one of the IDSI counts, and the court declared a mistrial as to those charges. It then granted a motion for judgment of acquittal at the remaining count of IDSI. The trial court granted the Commonwealth's motion to *nolle pros* the other two counts. *See* TCO at 1.

- 3 -

also emphasizes that Victim refused the internal examination. In sum, Appellant claims that there "is simply no credible evidence to support the Commonwealth's theory that … Appellant engaged in sexual intercourse with the alleged [V]ictim without her consent, if in fact the incident occurred at all." *Id.* at 7. According to Appellant, the Commonwealth likewise offered "no tangible evidence that [Victim] suffered actual bodily injury" as required to sustain a conviction for simple assault. *Id.*

The second claim is largely repetitive of the first. Appellant moved for judgment of acquittal after the Commonwealth rested on the basis that Victim's reference to "a black kid" failed to sufficiently identify Appellant as the perpetrator.

We have carefully examined the briefs, applicable law, and the 18-page trial court opinion authored by the Honorable Joseph F. Sklarosky, Jr. of the Court of Common Pleas of Luzerne County. We conclude that Judge Sklarosky has cogently and thoroughly disposed of Appellant's arguments, and we adopt his opinion as our own. The trial court opinion sets forth the applicable principles of law for examining the sufficiency of the evidence and explains why Appellant's challenges fail. While Appellant's arguments concerning the lack of detail from Victim beyond describing her assailant as "a black kid" are well-taken, the trial judge opined that, based on his observations of her testimony, Victim had "a developmental disability" of some type. *Id.* at 2 n.10. The trial court opinion correctly explains that the Commonwealth may meet its burden through circumstantial evidence, and Victim was clear that

the "'black kid' she encountered engaged in sexual intercourse with her without her consent." *Id.* at 10 (quoting trial transcript). As a matter of circumstantial proof, we agree with the trial court that this testimony, when paired with the testimony of two police officers who responded to a female voice and saw Appellant emerge from behind a trash compactor, plainly suffices to establish that the "black kid" referenced in Victim's testimony was Appellant, and that the Commonwealth presented sufficient evidence regarding Appellant's forcibly penetrating Victim with his penis. Moreover, several witnesses offered direct testimony concerning Victim's facial injuries for purposes of establishing bodily injury as required for simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023